# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3365 | **DATE** | 10/28/2011 |
| **CASE TITLE** | Chicago Regional Council of Carpenters, et al. vs. Broderick d/b/a Quality Carpets, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss the amended complaint [#12] is denied. Plaintiffs' motion for leave to file a second amended complaint [#17] is granted.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On August 3, 2007, defendant, Donald Broderick, entered into a memorandum of agreement ("MOA") with the Chicago Regional Council of Carpenters on behalf of Quality Carpets, Inc. ("Quality Carpets") whereby Quality Carpets agreed to make certain trust fund contributions. On May 18, 2011, the Chicago Regional Council of Carpenters Pension Fund and other related entities (collectively "plaintiffs") filed an ERISA action against Quality Carpets for failing to make trust fund contributions as agreed in the MOA. The true owner of Quality Carpets subsequently informed plaintiffs that Quality Carpets bore no relation to the current matter. Plaintiffs then amended the complaint to name Mr. Broderick individually, doing business as Quality Carpets, as the defendant.

Mr. Broderick now moves to dismiss the amended complaint claiming that the correct party to the MOA was Quality Carpet Brothers, Inc. ("Quality Carpet Brothers"), not Quality Carpets, even though Quality Carpets was the employer named in the MOA. This "obvious scrivener's error," according to Mr. Broderick, forecloses individual liability against him and requires dismissal of the complaint. Plaintiffs counter that by entering into the MOA on behalf of Quality Carpets without authority to do so, Mr. Broderick rendered himself jointly and severally for the debts and liabilities incurred by Quality Carpets in relation to the MOA. Plaintiffs also move for leave to file a second amended complaint naming Quality Carpet Brothers as a defendant.

Federal Rule of Civil Procedure 15(a)(2) instructs the court to "freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "By its plain terms, the rule reflects a liberal attitude towards the amendment of pleadings-a liberality consistent with and demanded by the preference for deciding cases on the merits." *Duthie* v. *Matria Heathcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008) (citing *Barry Aviation, Inc.* v. *Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). The court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to

| STATEMENT |
|---|
| the opposing party, or when the amendment would be futile. *See Foman* v. *Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Bethany Pharmacal Co.*, *Inc*. v. *QVC*, *Inc*., 241 F.3d 854, 862 (7th Cir. 2001).<br>None of these limiting factors are present in the current case. As soon as plaintiffs learned of the alleged "scrivener's error" they moved without delay to amend the complaint. Plaintiffs have not evidenced bad faith or a dilatory motive. They are simply attempting to ensure that the right parties are held accountable. Allowing plaintiffs to amend the complaint would not unduly prejudice any of the parties because the litigation is in its early stages. Given the MOA error, it would be unfair to penalize plaintiffs for what appears to be a mutual mistake. Finally, assuming plaintiffs plead a proper basis for liability, the amendment would not be futile. Plaintiffs are entitled to plead in the alternative under Rule 8(a) and should be allowed to do so given the facts of this case. Fed. R. Civ. P. 8(a)(3). |